HOWE, SNOW, CORRIGAN & BERTLES *v.* VANDER VEEN.

1. PRINCIPAL AND AGENT—RIGHT OF PRINCIPAL TO REVOKE AGENCY.
   A principal has the right to sever an agency and all powers thereunder at will, subject only to responsibility so far as the power granted has been executed.

2. SAME—AGENT MUST PERFORM WITHIN REASONABLE TIME.
   Where defendant gave plaintiff an oral order to purchase

for him certain shares of stock at a certain price, if it be conceded that plaintiff was defendant's agent therefor, it was its duty to perform the order within a reasonable time.

3. FRAUDS, STATUTE OF—SALES—CONTRACTS.

An oral order to purchase 100 shares of a certain stock for $1,300 was void under the statute of frauds, in the absence of any writing signed by the buyer or partial payment or acceptance of the stock.

4. PRINCIPAL AND AGENT—UNREASONABLE DELAY.

Where defendant, on November 19th, gave an oral order to plaintiff to purchase for him 100 shares of a certain stock for $1,300, and on December 6th following revoked the order in writing because of plaintiff's delay in filling same, defendant was not bound to accept and pay for the stock tendered to him on January 9th following, conceding the law of agency applies, since the delay in filling the order, under the circumstances, was unreasonable.

Error to Ottawa; Cross (Orien S.), J.    Submitted April 4, 1923.    (Docket No. 17.)    Decided July 19, 1923.

Assumpsit by Howe, Snow, Corrigan & Bertles against John A. Vander Veen for goods sold and delivered.    Judgment for defendant.    Plaintiff brings error.    Affirmed.

*Travis, Merrick, Warner & Johnson,* for appellant.

*Diekema, Kollen & Ten Cate,* for appellee.

WIEST, C. J.    In this case judgment was entered for defendant upon the following findings of fact and conclusions of law:

"November 19, 1920, the defendant gave the plaintiff an oral order to purchase for him 100 shares of Holland-St. Louis Sugar Company stock for the sum of $1,300.    On the same day plaintiff mailed a confirmation of the order to the defendant.    Plaintiff purchased the stock and sent the certificate with draft attached to a bank in Holland, where defendant re-

sided, but same was not presented to the defendant until January 9, 1921.

"After ordering plaintiff to purchase said stock, defendant did not revoke or alter his instructions to plaintiff, or in any way repudiate the transaction until his letter to plaintiff of December 6, 1920.

"December 6, 1920, defendant wrote plaintiff 'in view of the fact that you have taken far beyond a reasonable time to deliver the one hundred shares which you billed me November 19, 1920, I wish you to cancel this order, as I will refuse to accept it.'

"Under the testimony there was no legal binding contract for the purchase of the stock. It was void under the statute of frauds.

"The plaintiff did not offer to deliver the stock to defendant within a reasonable time, and the defendant was justified in refusing to accept the same.

"It is therefore ordered that a judgment of no cause of action be entered."

To such findings and conclusions and refusal to grant proposed amendments thereto and enter judgment in its favor plaintiff duly excepted, and the case is here by writ of error. Amendments to the findings, except as adopted, were properly rejected. We find no occasion to pass upon the question of the statute of frauds. The decision turns upon whether the broker tendered the stock to defendant within a reasonable time after his order. It was the course of previous dealings between the parties for plaintiff to purchase stock and send the certificates to defendant through a bank to be delivered upon payment. This was done in the present instance but not until after countermand of the order.

Plaintiff's so-called confirmation of purchase was based on the placing of an order in Chicago; but had defendant demanded stock in pursuance thereof plaintiff would have had to go in the market and purchase the same, as it finally did do in this very instance, because of the delay in procuring stock from the Chicago party. Instead of looking to defendant

for the loss of its commission of $12.50 on the order, plaintiff refused to countenance defendant's countermand and thereafter purchased stock in the open market, and to get its $12.50 commission it wants defendant to pay it $1,300, regardless of the market at the time of its purchase and of what it paid for such stock and of its delay.

Plaintiff claims its rights rest upon the law of agency. Accept this view, and we come to the right of the principal to sever the agency and all powers thereunder at will, subject only to responsibility so far as power granted had been executed. As agent it was plaintiff's duty to perform the direction to purchase and deliver the stock within a reasonable time. Concede also the right of plaintiff to fill the order out of any stock on hand, or purchased by it, and it only shows its ability to do so with promptness. It could not hold the order and take the chance of additional compensation by reason of a falling market. Even the law of agency requires consideration, by the agent, of the interests of the principal. If plaintiff plants its right to recover upon the relation of principal and agent, then, leaving out the termination of authority to purchase, its delay in procuring the stock was so unreasonable as to justify defendant in refusing to perform. If the transaction is viewed as a purchase by defendant from plaintiff, then the statute of frauds would apply because there was no writing evidencing the sale, signed by defendant, and no part payment or acceptance of the stock. The delay in filling the order to purchase was unreasonable in point of time, considering the fluctuating nature of stocks in private corporations, and there was no error in entering judgment for defendant.

The judgment is affirmed, with costs to defendant.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.